Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2775 | **DATE** | 11/8/2011 |
| **CASE TITLE** | Trustees of the Suburban Teamsters of Northern Illinois Pension Fund vs. Nagel Trucking & Materials, Inc. | | |

**DOCKET ENTRY TEXT**

On or before November 21, 2011, each party may file an additional brief: (1) addressing the significance of Judge Gettleman's September 20, 2011 Order in <u>Trustees of the Suburban Teamsters of N. Ill. Welfare & Pension Funds v. Nagel Trucking & Materials, Inc.</u>, No. 09 C 4411 (N.D. Ill. Sep. 20, 2011) and (2) clarifying its position on the nature of the relief requested.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

    Before the Court is Plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund's ("Fund") motion to strike Defendant Nagel Trucking & Materials, Inc.'s ("Nagel") affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, the Court grants each party the opportunity to file an additional brief: (1) addressing the significance of Judge Gettleman's September 20, 2011 Order in <u>Trustees of the Suburban Teamsters of N. Ill. Welfare & Pension Funds v. Nagel Trucking & Materials, Inc.</u>, No. 09 C 4411 (N.D. Ill. Sep. 20, 2011) and (2) clarifying its position on the nature of the relief requested. The brief shall be filed on or before November 21, 2011.

    On September 20, 2011, following a bifurcated trial, Judge Gettleman found that Nagel and the Fund did not enter into a collective bargaining agreement for the period May 1, 2006, through April 30, 2010. See <u>id.</u> This Order, brought to the Court's attention by Nagel during a November 4, 2011 status hearing, was entered after the close of briefing on the instant motion. Nagel has argued that such a finding would be dispositive as to this case while the Fund has not directly addressed the issue. In an abundance of caution, the Court allows both parties to comment on the significance of Judge Gettleman's Order to the withdrawal liability issues in this case.

    In addition, the parties may clarify their positions as to the nature of the relief at issue on this motion. This motion was presented on the docket as a Rule 12(f) motion to strike affirmative defenses, which is non-dispositive, and Nagel's response brief is titled "Defendant's Response to Plaintiff's Motion to Strike Affirmative Defenses." While it is true that the Fund references a judgment on the pleadings and that both parties make arguments relevant to a Rule 12(c) motion, the first citation to Rule 12(c) does not appear until the conclusion of the Fund's reply brief and the Fund's memorandum in support of its motion at one point states that the Fund is "therefore entitled to summary judgment." At a status hearing on November 4, 2011, counsel for the Fund represented that the above motion was one for a judgment on the pleadings but counsel for Nagel did not comment on the matter. While the Court may ultimately construe the Fund's motion as one

## STATEMENT

under both Rule 12(c) and Rule 12(f), each party may first clarify its position as to the nature of the relief that has been requested and briefed.

For the foregoing reasons, the Court grants each party the opportunity to file an additional brief: (1) addressing the significance of Judge Gettleman's September 20, 2011 Order and (2) clarifying its position on the nature of the relief requested. The brief shall be filed on or before November 21, 2011.

IT IS SO ORDERED.

FILED-FR
2011 NOV -9 PM 4:12
CLERK
U.S. DISTRICT COURT